## Field *vs* Davidson.

*Witness.   Joint and several obligations.*

COVENANT.

*Case* 29.

JUDGE SIMPSON delivered the opinion of the Court.

ON the 26th of October, 1844, Davidson and Joab executed an article of agreement, by which the former leased to the latter a dwelling house in the city of Louisville, for the term of twelve months, at a rent of one hundred and forty four dollars per year, which rent Joab covenanted to pay to Davidson at the expiration of the lease.

*January 3.*

*Case stated.*

Field, at the same time, as the surety of Joab, executed to Davidson a covenant in writing, immediately under the foregoing article of agreement, binding himself for the performance of the contract by Joab on his part.

This suit was brought by Davidson against Field, for the non-payment of the rent by Joab. The defendant plead and relied upon an eviction of the lessee from the demised premises during the term, by the landlord. And having released Joab from all liability to him, offered him as a witness to sustain this defence. He was rejected by the Court as incompetent, and the correctness of this decision is the only question to be considered.

As by the release, the witness was discharged from all liability to the defendant, he had no interest in his obtaining a verdict in the suit, unless such verdict and the judgment thereon, would bar a suit by his landlord against him. It would not, however, have this effect, as the liability of the witness and the defendant is several and not joint. A judgment in favor of the surety on his separate obligation, would not extinguish the liability of the witness on his covenant, which is separate, nor could it be used upon the trial of a suit between the landlord and the witness for the same cause of actions.

The liability of the lessee does not depend upon the liability of the defendant, although the liability of the defendant may depend upon that of the lessee, inasmuch as the defendant has only guarantied performance by the lessee, of his covenant. As to the interest of the witness, it was hostile to the party calling him; since a recovery and satisfaction against the surety, would bar a future action against the witness, and the release would protect him from any claim by the surety to refund.

A surety, bound for the same demand separately, is a competent witness for his principal, if released by him.

The case of *Pendleton* vs *Speed*, (2 *J. J. Marshall*, 508,) was a suit against two joint obligors, and the writ having been abated as to one by the Sheriff's return, it was held that he was not a competent witness for the defendant, on a plea of accord and satisfaction, although released by him from all liability as a co-obligor, because a judgment in favor of the defendant, would discharge the whole obligation and exonerate both from another judgment on the note.

In this case, however, as a judgment for the defendant, would not discharge the obligation of the witness, which arises upon a distinct and separate covenant, (and therefore the reason for deciding against the competency of the witness in the case of *Pendleton* vs *Speed*, *supra*, does not apply,) there is no valid objection to his competency, and the Court erred in rejecting him.

Wherefore, the judgment is reversed, and cause remanded for a new trial and further proceedings consistent with this opinion.

*Fry & Page* for appellant; *Duncan & Ripley* for appellee.